FILED
2010 SEP 29 AM 9:31
CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | SA10CA0787 FB |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **INGRAM READYMIX, INC.,** | § | **COMPLAINT AND** |
| | § | **JURY TRIAL DEMAND** |
| **Defendant.** | § | |
| | § | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to William Briney, who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Ingram Readymix, Inc., ("Ingram"), discharged Mr. Briney in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), because of his disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio

Division.

## PARTIES

3. Plaintiff, the Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Ingram, has continuously been a Texas corporation doing business in the State of Texas and the City of Bandera, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant, Ingram, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, Ingram, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, William Briney filed a charge with the Commission alleging violations of Title I of the ADA by Defendant, Ingram.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. On or about October 31, 2008, Defendant, Ingram, engaged in unlawful employment practices at its Bandera, Texas location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112 *et seq.* in that Defendant, Ingram, discriminated against William Briney by discharging him from the position of dispatcher because of his disability. The facts

showing that Mr. Briney was discharged because of his disability include the following: In October 2008, William Briney, a dispatcher who had satisfactorily worked for Ingram for three years, told his supervisor, Robert Orendorff, that he had a disability and would be needing to take short periods of leave in the upcoming weeks for medical treatment. Very shortly after this disclosure, Mr. Orendorff discharged Mr. Briney. In addition to this temporal proximity, Mr. Orendorff made comments expressing his unwillingness to work with, and fear of, individuals who had Mr. Briney's disability.

10. The effect of the practices complained of in paragraph nine (9) above has been to deprive William Briney of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

11. The unlawful employment practices complained of in paragraph nine (9) above were intentional.

12. The unlawful employment practices complained of in paragraph nine (9) above were done with malice or with reckless indifference to the federally protected rights of William Briney.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, Ingram, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in conduct which discriminates on the basis of disability, including discharging any employee because of his or her disability, and engaging in any other employment practice which discriminates on the basis of disability;

B. Order Defendant, Ingram, to institute and carry out policies, practices, and

programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant, Ingram, to make whole William Briney, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of William Briney, or front pay in lieu thereof;

D. Order Defendant, Ingram, to make whole William Briney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph nine (9) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

E. Order Defendant, Ingram, to make whole William Briney by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph nine (9) above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, depression, humiliation, loss of confidence and self-esteem, in an amount to be determined at trial;

F. Order Defendant, Ingram, to pay William Briney punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Briney's federally protected rights as described in paragraph nine (9) above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

EDWARD JUAREZ
Senior Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**